UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA NICOLE REID, individually ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LEONARD LARRY MCKELVEY ) | Case No. 1:22-cv-10708-VEC-OTW |
| p/k/a ) | |
| CHARLAMAGNE THA GOD, ) | **JURY DEMAND** |
| individually, and ) | |
| ) | |
| iHEARTMEDIA, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Jessica Nicole Reid ("Plaintiff") submits this Memorandum of Law in Support of her Motion for Leave to File an Amended Complaint.

**INTRODUCTION**

On February 21, 2023, Defendants filed a motion to dismiss (Dkt. Nos. 14-16). On March 9, 2023, Your Honor granted Plaintiff's request for an extension of time regarding her retaining counsel and extending the due date for her opposition to the Motion to Dismiss until May 10, 2023 (Dkt. Nos. 19 and 20). On May 1, 2023, Plaintiff acknowledged the complexities of this litigation and requested additional time to oppose Defendants' Motion to Dismiss, which was granted by Judge Wang, with a new due date of June 12, 2023. (Dkt Nos. 26 and 27). Defendants did not consent to Plaintiff's filing an amended complaint.

Plaintiff seeks leave to file an Amended Complaint to significantly clarify and refine her claims of Sexual Assault Of A Minor Pursuant to CPLR §214-G; Assault Incident To Sexual Abuse pursuant to CPLR§214-G; Battery During Sexual Abuse pursuant to CPLR§214-G; Defamation As An Incident To Sexual Offense pursuant to CPLR § 214-J; Intentional Infliction Of Emotional Distress Incident To Sexual Abuse pursuant to CPLR§214-J; and Negligent Infliction Of Emotional Distress Incident To Sexual Abuse pursuant to CPLR§214-J. Additionally, Plaintiff Reid seeks to add several parties not originally named in the Original Complaint. Specifically, Plaintiff Reid seeks to add two additional perpetrators, John Doe 1 and John Doe 2, as well as, the publishing houses for Defendant Charlemagne. These parties and amended claims are absolutely necessary so that Plaintiff Reid can have justice and full resolution of these claims.

## ARGUMENT

Denying Plaintiff the opportunity to amend the complaint would unfairly penalize her for attempting to proceed pro se initially. Such a result would be contrary to the aims of Federal Rule of Civil Procedure 15(a). Pursuant to Rule 15, once an answer has been served, a party may amend its complaint "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FRCP 15(a); *see also In the Matter of the Compl. Of Oswego Barge Corp. for Exoneration from or Limit. Of Liab.*, 439 F. Supp. 312, 323 (N.D.N.Y. 1977) ("The spirit of Rule 15(a) dictates that motions to amend complaints be liberally granted, absent a good reason to the contrary, so that disputes may be resolved upon the merits, rather than on procedural technicalities."). Leave may only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (*citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

3 | P a g e

A proposed claim is futile only if it is clearly frivolous or legally insufficient on its face. *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996). Pursuant to Federal Rule of Civil Procedure 12(b)(6) – the standard for determining futility – leave to amend should be freely given where, as here, the proposed pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In our case, each of the claims in the proposed pleading are factually sufficient and plausible on their face. Moreover, the additional parties are necessary to full resolution of the claims.

Further, there has been no undue delay in bringing the instant motion. The parties are in the midst of written discovery and have yet to conduct depositions. No trial date has been set, and the parties will not need to engage in burdensome additional discovery if the Court grants the instant motion. *See Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, 825 F.2d 647 (2d Cir. 1987) ("mere delay, . . .absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("We know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend.")

Finally, the amended complaint does not pose any undue prejudice to Defendants, since the amendment merely aims to clarify and refine the issues, not introduce new ones. And the amended complaint merely adds parties that are integral to full resolution. Additionally, no other discovery beyond the scope originally contemplated by the parties need be conducted.

The Court should apply the foregoing standards and grant Plaintiffs' Motion for Leave to File an Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion for Leave to File an Amended Complaint.

Respectfully Submitted,

*/s/ Kevin A. Murray* _____
Kevin A. Murray
State Bar. No. 24007720
2950 North Loop West, Suite 500
Houston, Texas 77092
Tel.  (713) 355-5500
Fax.  (888) 331-5747
kmurray@murrlaw.com

**ATTORNEY FOR PLAINTIFF**

Respectfully submitted,

*/s/ Robert J. Valli Jr.*
Robert J. Valli Jr.
600 Old County Road, Suite 519
Garden City, New York 11530
Tel. 516.203.7180
Fax. 516.706.0248
Rvalli@vkvlawyers.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was filed electronically on the 12th day of July, 2023.  Notice of this filing will be sent to all parties and known counsel of record, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Kevin A. Murray*
Kevin A. Murray