UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA NICOLE REID,

                Plaintiff,

-against-

LEONARD LARRY MCKELVEY, et al.,

                Defendants.

22-CV-10708 (JGLC) (OTW)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Jessica Nicole Reid alleges that Defendant Leonard Larry McKelvey p/k/a "Charlamagne Tha God," along with two others, sexually assaulted her in 2001. She further alleges that McKelvey made certain statements that defamed her and caused her emotional distress. On October 6, 2023, Defendants McKelvey and Iheartmedia, Inc. (together, the "Media Defendants") filed a motion to dismiss the First Amended Complaint. *See* ECF No. 65. On January 29, 2024, Defendant Simon and Schuster ("S&S") filed a motion to dismiss all claims against it. *See* ECF No. 84.[1] Plaintiff did not oppose the motion to dismiss filed by S&S.

    This case is referred to Magistrate Judge Wang for general pretrial purposes and dispositive motions requiring a report and recommendation. *See* ECF No. 8. On August 14, 2024, Judge Wang recommended that the claims for defamation and intentional infliction of emotional distress ("IIED") against S&S be dismissed. *See* ECF No. 87. On August 23, 2024, Judge Wang recommended that the claim for negligent infliction of emotional distress ("NIED") against S&S be dismissed. *See* ECF No. 89 (together with ECF No. 87, the "S&S R&Rs"). Also on August 23, 2024, Judge Wang recommended that the claims against the Media Defendants be dismissed

---

[1] S&S's brief states that "Black Privilege Publishing is an imprint of S&S and not a separate legal entity capable of being sued. To the extent that Black Privilege Publishing is required to respond to the FAC, it joins this Motion to Dismiss." ECF No. 86 at 1 n.1.

and that plaintiff be given leave to amend as to certain of her defamation claims. *See* ECF No. 88 (the "Media R&R"). For the reasons stated herein, the S&S R&Rs are ADOPTED in their entirety and the Media R&R is ADOPTED in part and REJECTED in part. The motions to dismiss filed by S&S and the Media Defendants are GRANTED and the case is DISMISSED.

## LEGAL STANDARD

The Court sets forth the legal standards governing review of a magistrate judge's report and recommendation and a motion to dismiss for failure to state a claim.

**I.   Review of Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed

may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

## II.     Motion to Dismiss

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

## DISCUSSION

The Court adopts the recitation of facts set forth in the Report and Recommendations and assumes the parties' familiarity therewith. The Court first adopts in their entirety the S&S R&Rs, to which no objections have been filed. The Court then grants the Media Defendants' motion to dismiss the causes of action for sexual assault of a minor, assault incident to sexual abuse, and battery during sexual abuse, brought pursuant to N.Y. C.P.L.R. § 214-g, the Child Victims Act (the "CVA"), because the claims are time barred. The Court next determines that N.Y. C.P.L.R.

§ 214-j, the Adult Survivors Act (the "ASA"), does not revive Plaintiff's causes of action for defamation, IIED, or NIED. The Court finds no clear error with respect to the Media R&R's recommendation that the Court dismiss Plaintiff's cause of action for IIED and additionally dismisses the claim because it is duplicative of Plaintiff's cause of action for defamation. Plaintiff does not object to the Media R&R's recommendation that the Court dismiss the claims for NIED or defamation, and the Court adopts that recommendation. Finally, the Court denies leave to amend, because Plaintiff has not demonstrated that an amended complaint would cure any of the pleading defects.

I.      **The S&S R&Rs Are Adopted**

The S&S R&Rs advised the parties that they had fourteen days from service of the S&S R&Rs to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 87 at 7–8; ECF No. 89 at 4. In addition, the S&S R&Rs expressly called the parties attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the S&S R&Rs or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, and unguided by objections, the Court has reviewed the S&S R&Rs and finds them to be well reasoned and grounded in fact and law. As explained *infra* Section II(B), the Court additionally dismisses Plaintiff's claims against S&S because causes of action for defamation, IIED, and NIED are not revived by the ASA. Accordingly, the S&S R&Rs are ADOPTED in their entirety and S&S's motion to dismiss is GRANTED.

4

**II.   The Media R&R Is Adopted in Part and Rejected in Part**

Plaintiff and the Media Defendants timely filed objections to the Media R&R, *see* ECF No. 90 ("Media Defs. Obj.") and ECF No. 91 ("Pl. Obj."), which the Court considers pursuant to the standards for reviewing a magistrate judge's report and recommendation set forth above. The Media Defendants filed a response to Plaintiff's objections on September 20, 2024. *See* ECF No. 93. Plaintiff did not file a response to the Media Defendants' objections. To the extent that the Court has not specifically addressed any of Plaintiff's objections herein, the Court has considered them and finds them without merit.

**A.  Counts I, II, and III Are Time-Barred**

Plaintiff first objects to the Media R&R's determination that Plaintiff's claims are time barred under both New York and South Carolina law.[2] As the Media R&R laid out, under South Carolina law, "[a]n action to recover damages for injury to a person arising out of an act of sexual abuse or incest must be commenced within six years after the person becomes twenty-one years of age or within three years from the time of discovery by the person of the injury and the causal relationship between the injury and the sexual abuse or incest, whichever occurs later." S.C. Code Ann. § 15-3-555; *see also* Media R&R at 10 n.5. Plaintiff argues that she was diagnosed with chronic pelvic girdle pain as a result of previous sexual trauma, within three years of the filing of the Original Complaint in this matter. Pl. Obj. at 4. Even if the Court were to take this argument into account, which would be improper because "new arguments and

---

[2] It is unclear whether these claims are brought under New York law or South Carolina law, but in any event, they are time-barred under both. It is also unclear how Plaintiff would have any basis to bring these claims under New York law, when neither of the parties were residents of New York at the time and the conduct occurred in South Carolina. *See GlobalNet Financial.Com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 384 (2d Cir. 2006); *Blue v. Schroder*, No. 10-CV-7253 (MEA), 2012 WL 13395612, at *3 (S.D.N.Y. Apr. 10, 2012).

factual assertions cannot properly be raised for the first time in objections to the report and recommendation," *Piligian*, 490 F. Supp. 3d at 716, Plaintiff's claim would still fail.

Plaintiff's reading of the discovery rule in South Carolina Code Section 15-3-555 does not comport with how South Carolina courts have addressed it in analogous statutes. In *Doe v. R.D.*, the South Carolina supreme court held that a statute that stated that actions for personal injury "shall be commenced within six years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action" was not "tolled when the plaintiff action has accrued, yet the plaintiff does not realize the full extent of his injuries." 308 S.C. 139, 141 (1992); *see also Doe v. Crooks*, 364 S.C. 349, 352 (2005) (cleaned up) ("Under the discovery rule, the limitations period commences when the plaintiff knows or by the exercise of reasonable diligence should know that he has a cause of action. That the injured party may not at that time comprehend the full extent of the damage is immaterial."). Similarly, here, a few days after the alleged assault, Plaintiff "wanted to press charges against Charlamagne and his friends," ECF No. 62 ("First Amended Complaint" or "FAC") ¶ 46, and tried to do so in 2006 and 2008, *id*. ¶ 66. It is therefore evident that Plaintiff knew then that she had a cause of action, even if she did not know the full extent of her injuries until her recent diagnosis. Thus, the causes of action were not tolled and, because Plaintiff was 15 at the time of the alleged assault, she had – at most – 12 years to bring a timely claim.

Plaintiff next argues that the CVA applies because Plaintiff was born and raised in New York City until her early teen years, and after the alleged assault, relocated to the New York City area. Pl. Obj. at 4.[3] Plaintiff further argues that her extended family never left the New York area. *Id*. Although Plaintiff is correct that the Media R&R erred in stating that Plaintiff was not a

---

[3] This argument, too, did not appear before Judge Wang. The Court nonetheless considers it.

resident of New York at any time, this does not change the disposition. As Judge Wang explained, "CPLR 214-g does not apply extraterritorially, where the plaintiff is a nonresident, and the alleged acts of sexual abuse were perpetrated by a nonresident outside of New York." Media R&R at 11–12 (quoting *S. H. v. Diocese of Brooklyn*, 167 N.Y.S.3d 171, 178 (2d Dep't 2022)). Further, "[t]o the limited extent that courts have applied the CVA to instances of sexual assault that occurred outside of New York, they have done so only when both the perpetrator and the victim were New York residents at the time of the assault." *Id*. (citing *Samuel W. v. United Synagogue of Conservative Judaism*, 194 N.Y.S.3d 25, 26–27 (1st Dep't 2023) and *ARK265 Doe v. Archdiocese of New York*, No. 950297/2020, 2022 WL 4790507, at *3 (N.Y. Sup. Ct. Sep. 26, 2022)). The FAC does not allege, and Plaintiff does not argue, that she was a resident at the time of the alleged assault or that the alleged assault was perpetrated by a New York resident. Accordingly, the CVA does not apply.

### B. The ASA Does Not Revive Plaintiff's Claims for Defamation, IIED, or NIED

Plaintiff next argues that "the Court's report does not address the applicability of the Adult Survivors Act as to all live causes of action," while also acknowledging that "[t]he Court mentions that the claims as to defamation and intentional infliction of emotional distress are not revived." Pl. Obj. at 4. Plaintiff contends that her causes of action for defamation, IIED, and NIED are timely under the ASA. *See* FAC ¶¶ 75–139. The ASA extended the statute of limitations for "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older . . . ." N.Y C.P.L.R. § 214-j. The Court agrees with the Media R&R that the

defamation and IIED claims are not revived by the ASA. Although "[t]he ASA applies 'to a broader set of causes of action than the assault itself, including negligent supervision and hostile work environment,'" the ultimate injury alleged must be "the result of a sexual offense." *Levin v. Sarah Lawrence College*, No. 23-CV-10236 (LJL), 2024 WL 4026966, at *10 (S.D.N.Y. Sept. 3, 2024) (quoting *J.S.M. v. City of Albany Dep't of Gen'l Servs.,* 211 N.Y.S.3d 859, 868 (N.Y. Sup. Ct. 2024)) (cleaned up). Here, the injuries stemming from the alleged defamation and IIED are distinct from those injuries that were "as a result of conduct which would constitute a sexual offense under Article 130." *See id*. at *11. The same is true for the NIED claim. As such, the ASA does not apply.

### C.  Plaintiff's Cause of Action for IIED Is Dismissed

Plaintiff's final objection is that she has adequately pleaded all elements of IIED to withstand dismissal, incorrectly stating that the Media R&R's only concern was whether Plaintiff alleged facts showing that the Media Defendants' statements were intentionally directed at Plaintiff. Pl. Obj. at 5. Regardless, the same one-year statute of limitations that applies to defamation applies to claims for intentional infliction of emotional distress. *See* N.Y. C.P.L.R. § 215(3); *Mohrman v. Johns*, 179 N.Y.S.3d 293, 296 (2d Dep't 2022). Accordingly, the only statement in the FAC that may be within the statute of limitations is the video published on September 3, 2022 by an account called "SELFTALK." *See* Media R&R at 14. Plaintiff does not make any specific objections with respect to this video, and the Court finds no clear error with respect to the Media R&R's determination that Plaintiff failed to allege facts that lead to an inference that the statements were intended to cause Plaintiff severe emotional distress. *See id*. at 16–17.

Additionally, Plaintiff's claim for IIED fails as duplicative of her claim for defamation. *See Fleischer v. NYP Holdings, Inc.*, 961 N.Y.S.2d 393, 394–95 (1st Dep't 2013) (dismissing claim for defamation for failure to state a claim and dismissing claim for intentional infliction of emotional distress as duplicative of defamation claim); *McCollum v. Baldwin*, 688 F. Supp. 3d 117, 133 (S.D.N.Y. 2023) (same). Plaintiff's IIED claim is therefore dismissed.

### D. Plaintiff's Cause of Action for Defamation Is Dismissed Without Leave to Amend

The Court adopts the Media R&R's recommendation that the Court dismiss Plaintiff's claim for defamation, to which Plaintiff does not offer specific objections. Instead, Plaintiff contends that the Court should defer ruling on dismissal until "Plaintiff is afforded an opportunity to amend the pleading to more specifically plead the defamatory statements and publications." Pl. Obj. at 5. The Court adopts the recommendation that the Court dismiss Plaintiff's claim for defamation and turns to the issue of amendment.

Judge Wang recommends granting Plaintiff leave to amend her claim for defamation "to the extent that the statements published or republished in the SELFTALK video, and any other alleged defamatory statements, were published within one year of the filing of her complaint on December 19, 2022." Media R&R at 19. Federal Rule of Civil Procedure 15(a) provides that if a party has already "amend[ed] its pleading once as a matter of course," as Plaintiff has here, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). A court should "freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (cleaned up).

Defendant argues that Plaintiff should not be given leave to amend with respect to the SELFTALK video. Media Defs. Obj. at 11. The Court agrees. Plaintiff has not explained how any amendments could rectify the defamation claim based on this video, nor has the Court identified any amendments that would make the defamation claim viable.

The Court also rejects the recommendation that Plaintiff be allowed to amend the First Amended Complaint to include any other alleged defamatory statements made within one year of December 19, 2022, because any such allegation would not relate back to the original complaint for statute of limitations purposes and would therefore be barred as untimely. An amendment relates back to the pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). It "will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged." *Pruiss v. Bosse*, 912 F. Supp. 104, 106 (S.D.N.Y. 1996) (internal citation omitted). The Court denies leave to amend to add new alleged instances of defamation that were not included in the original complaint. *See id*. (denying leave to amend to include "new instances of defamation" where the content of the statements was the same, but the new instance named a new party and new dates); *see also Goldman v. Barrett*, 733 F. App'x 568, 570 (2d Cir. 2018) (holding that the new allegations of defamation did not relate back to the original complaint because they were factually distinct).

Plaintiff also claims that her objection in response to the Media R&R is a motion for leave to amend under Rule 15(a)(2). Pl. Obj. at 1–2. She states that the proposed Second Amended Complaint "contains more specific facts about the Plaintiff's continuing connection to New York after being born and raised in New York for a significant portion of her childhood and

10

into her adult years" and "contains facts concerning a recently discovered injury with direct relation to the sexual assault." Pl. Obj. at 2. The Court has considered these facts in reviewing the Media R&R and therefore finds that the proposed objections are futile. Plaintiff is thus denied leave to amend the FAC on these grounds.

## CONCLUSION

For the foregoing reasons, the S&S R&Rs are adopted in their entirety and S&S's motion to dismiss is GRANTED. The Media R&R is ADOPTED in part and DENIED in part. The Media Defendants' motion to dismiss is GRANTED without leave to amend. The Clerk of Court is directed to terminate ECF Nos. 65 and 84 and to close this case.

Dated: September 30, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge